Case 1:21-cv-03052-LRS    ECF No. 16    filed 03/21/22    PageID.988    Page 1 of 17

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 21, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LINDA D.,<br><br>               Plaintiff,<br><br>  v.<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,[1]<br><br>               Defendant. | NO: 1:21-CV-03052-LRS<br><br>ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 13, 14. This matter was submitted for consideration without oral argument. Plaintiff is represented by Attorney D. James Tree. Defendant is

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER ~ 1

represented by Special Assistant United States Attorney Jeffrey E. Staples. The Court has reviewed the administrative record, the parties' completed briefing, and is fully informed. For the reasons discussed below, the Court **GRANTS**, in part, Plaintiff's Motion for Summary Judgment, ECF No. 13, **DENIES** Defendant's Motion for Summary Judgment, ECF No. 14, and remands the case to the Commissioner for additional proceedings.

## JURISDICTION

Plaintiff Linda D.[2] protectively filed an application for Supplemental Security Income (SSI) on December 14, 2018, Tr. 112, alleging an onset date of December 1, 2018, Tr. 211, due to attention deficit hyperactivity disorder (ADHD), posttraumatic stress disorder (PTSD), depression, anxiety, insomnia, obsessive compulsive disorder (OCD), migraines, memory problems, anger problems, and hepatitis C, Tr. 254. Plaintiff's application was denied initially, Tr. 141-44, and upon reconsideration, Tr. 148-54. A hearing before Administrative Law Judge Glen G. Meyers ("ALJ") was conducted on July 21, 2020. Tr. 54-94. Plaintiff was represented by counsel and testified at the hearing. *Id*. The ALJ also took the testimony of vocational expert Jennifer Bowes. *Id*. The ALJ entered an unfavorable decision on August 5, 2020. Tr. 17-31. The Appeals Council denied

---

[2]In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

ORDER ~ 2

review on February 9, 2021. Tr. 1-7. Therefore, the ALJ's August 5, 2020 decision became the final decision of the Commissioner. The matter is now before this Court pursuant to 42 U.S.C. §§ 405(g); 1383(c). ECF No. 1.

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 37 years old at the date of application. Tr. 211. The highest grade Plaintiff completed was the tenth grade, and she received special education throughout school. Tr. 255. At the time of the hearing, Plaintiff was attending courses to complete her GED. Tr. 70, 308, 313-14. Plaintiff's reported work history includes the jobs of packer/sorter at a warehouse, waitress, and food handler at a fast-food restaurant. Tr. 256, 271-78. At application, she stated that she stopped working on July 15, 2008, because of her conditions. Tr. 255.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159

ORDER ~ 3

(quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id.* An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

### FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be

ORDER ~ 4

"of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §

ORDER ~ 5

416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. § 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not

ORDER ~ 6

disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 416.920(g)(1).

The claimant bears the burden of proof at steps one through four. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the date of application, December 14, 2018. Tr. 19. At step two, the ALJ found that Plaintiff had the following severe impairments: depressive disorder; anxiety disorder; ADHD; and PTSD. Tr. 20. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 20. The ALJ then found that Plaintiff had the RFC to perform work at all exertional levels with the following nonexertional limitations:

> She is capable of engaging in unskilled, repetitive routine asks in two-hour increments. She cannot have contact with the public. She can have occasional contact with supervisors. She will be off-task 15% of a normal workday but still able to meet the minimum production requirements of the job. She will be absent from work one day/month.

ORDER ~ 7

Tr. 21.  At step four, the ALJ found that Plaintiff had no past relevant work.  Tr. 29.  At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there were other jobs that exist in significant numbers in the national economy that Plaintiff could perform, including auto detailer, housekeeping cleaner, and commercial cleaner.  Tr. 30.  The ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, from the date of application, December 14, 2018, through the date of the decision.  Tr. 30-31.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her SSI under Title XVI.  ECF No. 13.  Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly addressed the opinion of Thomas Genthe, Ph.D.;
2. Whether the ALJ properly addressed Plaintiff's symptom statements; and
3. Whether the ALJ properly addressed the third-party witness statements.

## DISCUSSION

**1.    Medical Opinions**

Plaintiff challenges the ALJ's treatment of the opinion of Thomas Genthe, Ph.D.  ECF No. 13 at 13-19.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence.

ORDER ~ 8

*Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. § 416.920c. The new regulations provide that the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. § 416.920c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 416.920c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations emphasize that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how he considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b). The ALJ may explain how he considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

    Supportability and consistency are further explained in the regulations:

> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

ORDER ~ 9

> (2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c).[3]

On December 20, 2018, Dr. Genthe evaluated Plaintiff and completed a Psychological/Psychiatric Evaluation form for the Washington State Department of Social and Health Services (DSHS). Tr. 469-75. He diagnosed Plaintiff with major depressive disorder, PTSD, ADHD, heroin use disorder in sustained remission, and stimulant use disorder in sustained remission. Tr. 471. He opined that Plaintiff had a marked limitation in eight areas of basic work activity and a moderate limitation in the remaining five areas of basic work activity addressed on the form. Tr. 472. He opined that Plaintiff would continue to be impaired with available treatment for more than twelve months. Tr. 473. He further stated that "[f]rom a psychological perspective, [Plaintiff's] prognosis is viewed as poor. At

---

[3] The parties disagree over whether Ninth Circuit case law continues to be controlling in light of the amended regulations, specifically whether an ALJ is still required to provide specific and legitimate reasons for discounting a contradicted opinion from a treating or examining physician. ECF Nos. 13 at 13, 14 at 6-8. The Court finds resolution of this question unnecessary to the disposition of this case.

ORDER ~ 10

this time, she is unlikely to function adequately, and/or consistently in a work setting until her psychological symptoms have been managed more effectively." Tr. 473.

The ALJ found the opinion to be not persuasive for five reasons: (1) it is inconsistent with the longitudinal medical record; (2) it is unsupported by Dr. Genthe's own exam; (3) it is unsupported by Plaintiff's reported daily activities; (4) Dr. Genthe did not review any of Plaintiff's medical records; and (5) the opinion arose from a brief, one-time examination. Tr. 27-28.

The ALJ's first reason for finding the opinion to be unpersuasive, that it is inconsistent with the longitudinal medical record, clearly addresses the factors of supportability and consistency, but it is not supported by substantial evidence. The ALJ found that the opinion "is inconsistent with the claimant's longitudinal medical record, discussed above, suggesting that her *physical* functioning was, at most, only moderately limited." Tr. 27 (*emphasis added*). The ALJ then cited several medical records with no discussion as to how these records failed to support Dr. Genthe's opinion. Tr. 27. Dr. Genthe's opinion only addressed the mental requirements associated with basic work activities, not the physical. Tr. 472. Even if the use of the word physical was a mistake, the fact that the ALJ failed to explain how the medical evidence cited undermined the opinion is itself error. The Ninth Circuit has stated that "we still demand that the agency set forth the reasoning behind its decisions in a way that allows for meaningful review."

ORDER ~ 11

*Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015).  Therefore, the ALJ's rationale is not supported by substantial evidence.

  The ALJ's second reason for finding the opinion not persuasive, that it is unsupported by Dr. Genthe's own exam, addresses the factor of supportability, but are not supported by substantial evidence.  The ALJ found that "Dr. Genthe's opinion is unsupported by his own examination of the claimant (including normal thought content and thought process, alert, well-oriented, normal behavior, normal speech, able to follow the conversation, intact immediate recall)."  Tr. 28.  Dr. Genthe's mental status exam did show normal thought content and process, but showed abnormal perceptions.  Tr. 474.  Likewise, Plaintiff's immediate recall was accurate, but her recent memory, and long-term memory were abnormal.  Tr. 474.  Plaintiff's fund of knowledge, concentration, abstract thought, insight, and judgment were abnormal.  Tr. 474-75.  Therefore, the ALJ's representation that Dr. Genthe's exam demonstrated normal results is not accurate.  As such, this rationale cannot support the ALJ's finding that the opinion is unpersuasive.

  The ALJ's third reason for finding the opinion unpersuasive, that the opinion is unsupported by Plaintiff's reported daily activities, addresses the factor of consistency, but is not supported by substantial evidence.  The ALJ stated that the opinion "is unsupported by . . . the claimant's reported daily activities (able to care for her own hygiene, take the bus, prepare her own meals, perform household chores, manage her medication, schedule appoints, go grocery shopping, go to

class).” Tr. 28. A claimant's testimony about her daily activities may be seen as inconsistent with the presence of a disabling condition. *See Curry v. Sullivan,* 925 F.2d 1127, 1130 (9th Cir. 1990). However, the ALJ failed to provide any explanation as to how Plaintiff's ability to perform simple household activities undermined Dr. Genthe's opinion. *See Brown-Hunter*, 806 F.3d at 492 ("we still demand that the agency set forth the reasoning behind its decisions in a way that allows for meaningful review"). Furthermore, the Ninth Circuit has warned ALJs against using simple household activities against a person when evaluating their testimony:

> We have repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day.

*Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014). This same logic applies when, like here, the ALJ provided zero explanation as to how the reported activity renders the opinion unpersuasive.

The remaining two reasons the ALJ provided for finding the opinion to be unpersuasive, that Dr. Genthe did not review any of Plaintiff's medical records and that the opinion arose from a one-time examination, do not address the factors of supportability and consistency. The Regulations allow for the ALJ to address the factors of "[r]elationship with the claimant," "[f]requency of examinations," "[e]xtent of the treatment," and "[e]xamining relationship," but the only factors

ORDER ~ 13

that the ALJ is required to address are supportability and consistency. 20 C.F.R. § 404.1520c(c). Since the ALJ has failed to address supportability and consistency with rationale that is supported by substantial evidence, the ALJ's discussion of these remaining factors alone cannot support the ALJ's determination that the opinion was not persuasive. Therefore, this case is remanded for the ALJ to properly address the opinion of Dr. Genthe.

**2.    Plaintiff's Symptom Statements**

Plaintiff argues that the ALJ erred in the treatment of her symptom statements. ECF No. 13 at 4-12.

It is generally the province of the ALJ to make determinations regarding the reliability of Plaintiff's symptom statements, *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995), but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

The ALJ found Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. 22. The evaluation of a claimant's symptom statements and their resulting limitations relies, in part, on the assessment of the medical evidence. *See*

ORDER ~ 14

20 C.F.R. § 416.929(c); S.S.R. 16-3p.  Therefore, in light of the case being remanded for the ALJ to readdress Dr. Genthe's opinion, a new assessment of Plaintiff's subjective symptom statements will be necessary.

**C.    Lay Witness Evidence**

Plaintiff challenges the ALJ's treatment of the evidence provided by her step-father, sister, mother, mother-in-law, and family friends.  ECF No. 13 at 19.

Plaintiff provided a third-party function report completed by her step-father and multiple letters from family and friends.  Tr. 236-70, 326-32.  The ALJ found these reports unpersuasive stating that "[t]hese reports are generally consistent with the claimant's allegations in this matter.  Therefore, in addressing the reliability of the claimant's allegations, I also address the persuasiveness of these third-party reports," and "these third-party reports are inconsistent with the claimant's longitudinal medical record, . . . suggesting that her mental function was, at most, only moderately limited."  Tr. 28-29.  The ALJ has been instructed to readdress Plaintiff's symptom statements on remand.  Therefore, he will also readdress the persuasiveness of the third-party reports.

## CONCLUSION

Plaintiff requests that the Court remand the case for an immediate award of benefits or, in the alternative, the case be remanded for additional proceedings to appropriately obtain intellectual testing related to Plaintiff's alleged intellectual disorder.  ECF No. 13 at 19-21.

ORDER ~ 15

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison*, 759 F.3d at 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

Here, the Court finds that further administrative proceedings are appropriate for the ALJ to obtain intellectual testing. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). The record shows that Plaintiff was in special education from beginning

ORDER ~ 16

in elementary school, Tr. 38-53, and that she was struggling to obtain her GED at the time of her hearing, Tr. 70, 470, 536. Education records show IQ testing in the borderline range as a child. Tr. 40. Therefore, upon remand, the ALJ will order a consultative evaluation that includes intellectual testing. Additionally, the ALJ will supplement the record with any outstanding evidence. He will readdress the opinion of Dr. Genthe, Plaintiff's symptom statements, and evidence presented by lay witnesses. Furthermore, he will call a vocational expert to testify at any remand proceedings.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 13, is **GRANTED, in part,** and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

2. Defendant's Motion for Summary Judgment, ECF No. 14, is **DENIED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** March 21, 2022.

_____
LONNY R. SUKO
Senior United States District Judge

ORDER ~ 17